*ROANI5, Judge.*
This is an appeal from an order of the court of Chancery at Winchester, dissolving an injunction, obtained by the appellant. Its object was, to restrain the appellees from proceeding on a writ of certiorari, obtained by them, from the Superior court of Hampshire county, to remove into that court, certain proceedings on a warrant of forcible entry and detainer; and that the appellant might be quieted in his possession of the land to which they related, ’till the appel-lees should establish a better title thereto, at law.
Many years ago the appellant brought his ejectment against the appellees, claiming land adjoining that now in controversy: in which action, a verdict was rendered for the defendants, embracing the land now in question, by a designated boundary. The appellees proceeded to take possession of the land, according to the verdict, and thus occupied some land which had been long in the possession of the appellant. To remedy this procedure, the appellant sued out a *876 warrant of forcible entry and detainer; and having obtained a verdict, thereupon the possession of the land was restored to him by the magistrate. After this, it was competent to the appellees to appeal from this decision, (as they have since done,) or to go into a court of equity for relief: but they ought not to have been permitted to harass the appellant in both jurisdictions. The appellees elected to go into a court of equity; complaining of this measure on the part of the appellant, but without charging any irregularity in the proceedings, competent to give jurisdiction to such court. Thej' only prayed, that the appellant might be injoined from taking the profits of the land, and that they might be quieted in the possession thereof. This injunction was granted: but the Judge omitted to require any release of errors in relation to *the proceedings aforesaid ; and by its award, the appellees were again put in possession.
This first injunction after remaining in court many years, was dissolved in April 1817, and the bill dismissed, on the ground, that the case was not proper for relief in equity. On this termination of the cause, the appellant was again entitled to possession. He might have taken it himself in a peaceable manner; but he obtained it by means of a second writ of restitution, awarded by the same magistrate, and he now holds that possession. In thus obtaining that possession, the appellant was in no default. Although the proceedings on the warrant of forcible entry and detainer were lost, whereby the validity of his restitution might have been rendered questionable, they were lost through no default of his. On the other hand, the conduct of the ap-pellees is not free from censure; they now attempt to deprive the appellant of his possession, in a court of law, under the writ of certiorari, after having long contested that possession with him in a court of equity: and they hope to succeed in this, in consequence of the loss of the proceedings aforesaid; a loss which probably resulted from the long delay of the appellees in the court of equity, and a consequent belief in the magistrate, that those proceedings would no longer be wanted. They not only wish to violate a principle always held dear by a court of equity, but also to make use of an advantage, produced by themselves as aforesaid. But for the loss of these papers this course of proceeding would not have been essayed by them. Although the Judge in granting the first injunction did not exact a release of errors at law, this court in adjusting the controversy between the parties, must respect the principle. It will emphatically, respect it, and prevent the resort which is now meditated, under the circumstances which have been detailed. There is another principle which has also its due weight *with the court, and that is, that it is time that this controversy for the mere possession ,of the land, should be put at rest. It is enough that, ratifying the possession where it now is, the appellees should be permitted by their action at law to establish their title to the land. This course while it is adequate to every purpose of justice between the parties, forbids the appellees to profit by their own wrong, and will operate as a bill of peace as to this obstinate contest for the mere possession.
The Judge whose opinion is now before •us, seems to think, that such a course would be an unwarrantable interference with the jurisdiction of another forum. In this we are obliged to differ from him in opinion. It is but the common case, which every day occurs. The tribunal of the court of equity, does not act immediately upon that of the court of law, nor in any manner disrespectful to it: it only acts upon the party, and for good reasons existing in relation to him, restrains him from proceeding further. The Judge seems also to think, that the ap-pellees should not be restrained in this instance, because, on the dissolution of the first injunction, that court informed the parties that the remedy was at law, and at law only. This court concurs with that in this position; but for the reasons assigned, it restrains the appellees from proceeding under their writ of certiorari. It expressly admits and recognises their right to proceed by a new action. It prefers a proceeding which will settle the right, to one which only respects the possession.
The opinion of th.e court, therefore is, that the injunction ought not to have been dissolved; and that on a final hearing, unless the case should be made different from what it now is, it ought to be perpetuated; without prejudice, however, to any action at law which either of the parties may be advised to bring, to establish the boundary *between them. The decree is therefore reversed with costs, the injunction reinstated, and the cause remanded, to be finally proceeded in pursuant to these principles.

Cabell absent.